**David W. Criswell, OSB No. 925930**
dcriswell@balljanik.com
**Justin D. Leonard, OSB No. 033736**
jleonard@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, OR 97204
Telephone: (503) 228-2525
Facsimile: (503) 295-1058

    Attorneys for Kenneth S. Eiler,
    Chapter 11 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**AIRCRAFT INVESTOR RESOURCES, LLC**, as consolidated with *In re Epic Air, LLC* (09-40041-rld7) and *In re Aircraft Completion Services, LLC* (10-30185-rld7),<br><br>    Debtor. | Case No. 09-38458-rld11 |
| **KENNETH S. EILER**, Trustee,<br><br>    Plaintiff,<br><br>    v.<br><br>**ER1, LLC**, a Nevada limited liability company, **NIGRO, INC.**, a Nevada corporation, **QUICK-TURN TECHNOLOGIES NEVADA, LLC**, a Nevada limited liability company, and **TAM-AIR, INC.**, a Delaware corporation,<br><br>    Defendants. | Case No. 10-03002-rld<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Equitable Subordination; Money Judgment for Intentional Interference with Economic Relations; Declaratory Relief for Setoff, Recoupment, and Resulting Trust; Contribution and Indemnity)** |

Plaintiff Kenneth S. Eiler, Chapter 11 Trustee (the "Trustee") for the estate of Aircraft

Investor Resources, LLC, as consolidated with the estate of Epic Air, LLC, and Aircraft

Page 1 – **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\696607\3

Case 10-03002-rld    Doc 55    Filed 05/14/10

Completion Services, LLC, for his First Amended Complaint, respectfully states and alleges as follows:

## NATURE OF ACTION

1. This is an action brought by the Trustee (1) to equitably subordinate any and all claims of ER1 against the estate to the claims of unsecured creditors of the Debtor; (2) for money damages against ER1 for intentional interference with business relations; (3) for recoupment; (4) for setoff; (5) for a declaration of resulting trust and vesting of title of 50% of the ownership interest in ER1 in the estate; and (6) for contribution and indemnity against Quick-Turn Technologies, LLC and TAM-AIR, Inc. on account of rent paid by the Debtor under leases under which Quick-Turn Technolgoies, Inc. and TAM-Air were co-tenants.

## JURISDICTION

2. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 & 1334 and LR 2100.1.

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) (A), (B), (C), (E), (K), (M), and (O).

## THE PARTIES

5. Defendant ER1, LLC, is a Delaware limited liability company ("ER1").

6. Defendant Nigro, Inc. is a Nevada corporation.

7. Defendant Quick-Turn Technologies Nevada, LLC, is a Nevada limited liability company ("Quick-Turn"). Quick-Turn's registered agent is Fred E. ("Rick") Schrameck II, 5413 Fountain Palm St., Las Vegas, NV 89130. Mr. Schrameck and his common-law wife, Annette Elder, are registered as managers and members of Quick-Turn, at the address 2121 Redbird Dr., Las Vegas, NV 89134.

8. Defendant TAM-AIR, Inc., is a Delaware corporation ("TAM-AIR").

Page 2 – **FIRST AMENDED COMPLAINT**

::ODMA\PCDOCS\PORTLAND\696607\3

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Case 10-03002-rld    Doc 55    Filed 05/14/10

## FACTS COMMON TO ALL CLAIMS

9. On September 10, 2009 (the "Petition Date"), the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

10. On October 27, 2009, the Court entered an order granting the motions to appoint trustee filed by creditors Blue Sky Avgroup, LLC and Douglas King, *et al.* On the same day, the Court entered the order approving the appointment of Kenneth S. Eiler as the Chapter 11 trustee.

11. On March 2, 1010, this Court entered an Order Substantively Consolidating Cases [Dkt # 263] by which the estate of AIR was substantively consolidated with (a) the bankruptcy estate of Epic Air, LLC ("Epic Air"), pending before this Court as Case No. 09-40041-rld7; and (b) the bankruptcy estate of Aircraft Completion Services, LLC ("ACS"), pending before this Court as Case No. 10 30185-rld7. AIR, Epic Air and ACS are referred to collectively herein as the "Debtor."

12. Prior to the Lock-Out Date (defined below), the Debtor operated an aircraft-manufacturing business located at 22590 Nelson Road, Bend, Oregon, which also served as its headquarters ("Facility").

13. At all relevant times, Rick Schrameck was the President and Chief Executive Officer of the Debtor. At all relevant times, Quick-Turn owned not less than 38.1% of the equity interests of the Debtor.

14. The Debtor was party to at least three leases related to the Facility (collectively, the "Leases") as follows:

    a. the "Standard Airport Ground Lease" dated as October 7, 2004 (the "Ground Lease") between the lessor City of Bend (the "City") and the Debtor and Quick-Turn as co-lessees;

    b. the "Sub-Lease to Standard Airport Ground Lease" dated January 17, 2005 (the "Sub-Lease") between the Debtor and Quick-Turn as co-lessors and ER1 as lessee; and

Page 3 – **FIRST AMENDED COMPLAINT**

::ODMA\PCDOCS\PORTLAND\696607\3

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Case 10-03002-rld    Doc 55    Filed 05/14/10

c. the sublease of the Sub-Lease entitled "Property Improvement Lease" dated January 17, 2005 (the "Sub-Sub Lease") between ER1 as lessor and Quick-Turn, Debtor, and TAM-AIR as co-lessees.

15. ER1 was obligated under the Sub-Lease to pay rent to AIR and Quick-Turn in the sum of $8,403.75 each quarter (Sub-Lease, § 2).

16. ER1 has never made any payments of rent to AIR/Quick-Turn as required under Section 2 of the Sub-Lease.

17. AIR, Quick-Turn, and TAM-AIR were obligated under the Sub-Sub Lease to pay rent to ER1 in the amount of $45,000 each month (Sub-Sub Lease, § 1.12(a)).

18. AIR made monthly payments of rent to ER1 as required by the Sub-Sub Lease, through and including the rent payment for April 2009.

19. Quick-Turn and TAM-AIR have made no payments of rent to ER1 under the Sub-Sub Lease or to the City of Bend under the Ground Lease, nor have Quick-Turn or TAM-AIR reimbursed AIR or contributed for rent paid by AIR under such leases.

20. AIR failed to make the $45,000 base rent payment required under Section 1.12(a) of the Sub-Sub Lease for the months of May, June and July, 2009.

21. ER1 has an Operating Agreement dated as of November 30, 2004. According to the Operating Agreement, the membership interests in ER 1 are owned 50% by Nigro, Inc. and 50% by Quick-Turn.

22. Section 5.1.1(b) of the ER 1 Operating Agreement provides that Quick-Turn and Nigro, Inc. are the "Managers" of ER1. Section 5.1.1(a) of the Operating Agreement provides that "all decisions concerning management of [ER-1's] business shall be made by the Managers."

23. On July 15, 2009, at a time when the rent obligations of ER1 to AIR exceeded the rent obligations of AIR to ER1, Nigro, Inc. and Quick-Turn entered into an agreement under which Quick-Turn waived and surrendered all managerial control and authority to act for ER1.

Page 4 – **FIRST AMENDED COMPLAINT**

::ODMA\PCDOCS\PORTLAND\696607\3

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Case 10-03002-rld    Doc 55    Filed 05/14/10

24. ER1 took control of the Facility, purported to terminate the Sub-Sub Lease, and did in fact lock AIR out of the Facility on July 27, 2009 (the "Lock-Out Date").

25. On the Lock-Out Date, AIR owed ER1 the sum of $135,000 in rent for May, June and July, 2009.

26. On the Lock-Out Date, ER1 owed AIR not less than $159,671.25 (exclusive of past due interest) under the Sub-Lease for unpaid rent under the Sub-Lease.

27. Following the Lock-Out, AIR was prevented from conducting manufacturing operations at the Facility and as a result ceased operating as a going concern.

28. Following the Petition Date, ER1 received not less than $125,000 in cashier's checks from Rick Schrameck and/or Quick-Turn (the "Post-Petition Checks).

29. The Post-Petition Checks were purchased shortly after the Lock-Out Date from Wells Fargo Bank (Las Vegas branch) by Schrameck's common-law wife Annette Elder on August 17, 2009, and August 21, 2009.

30. The Post-Petition Checks were not delivered to ER1 until mid-October and early December 2009.

## COUNT ONE

### (Equitable Subordination of ER1's Claims)

31. Trustee restates by reference the allegations of paragraphs 1 through 30 above.

32. The actions of ER1 in locking out and forcibly evicting AIR from the Facility were inequitable.

33. The conduct of ER1 resulted in injury to the creditors of AIR.

34. As a result of the inequitable conduct of ER1 in locking AIR out of the Facility, which resulted in a loss of business value and injury to creditors, all claims of ER1, including but not limited to any administrative rent claims, should be subordinated to the claims of unsecured creditors pursuant to Section 510(c) of the Bankruptcy Code.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\696607\3

Case 10-03002-rld    Doc 55    Filed 05/14/10

35. Such subordination is not inconsistent with the provisions of the Bankruptcy Code.

## COUNT TWO

### (Intentional Interference with Economic Relations)

36. Trustee restates and incorporates the allegations of paragraphs 1 through 35 above.

37. By improperly locking the Debtor out of the Facility, ER1 and Nigro,Inc. intentionally interfered with the contracts between the Debtor and the Debtor's kit builder customers, suppliers and other creditors. This interference was intentional, done by improper means, and caused harm to the Debtor by shutting down its business.

38. As of the Lock-Out Date, ER1 owed AIR rent under the Sub-Lease in amounts exceeding the amount owed by AIR to ER1 under the Sub-Sub Lease. Consequently, the lock-out was improper and in violation of AIR's rights.

39. The lock-out caused the immediate cessation of AIR operating as a going concern and a loss of going concern value of the business in an amount to be proven at trial, but not less than $2,000,000.

## COUNT THREE

### (Declaratory Relief-Recoupment)

40. Trustee restates and incorporates by reference the allegations of paragraphs 1 through 39 above.

41. ER1 asserts an administrative rent claim for rent arising from and after the Petition Date under the Sub-Sub Lease.

42. The obligations of ER1 to AIR under the Sub-Lease and the obligations of AIR to ER1 under the Sub-Sub Lease arise out of the same transaction. Consequently, under the doctrine of recoupment, the Trustee may reduce any post-petition rent owing to ER1 under the Sub-Sub Lease by amounts due and owing to AIR from ER1 under the Sub-Lease. As the date

Page 6 – **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\696607\3

Case 10-03002-rld    Doc 55    Filed 05/14/10

of the Trustee's rejection of the Sub-Lease, ER1 owed not less than $184,882.50 to the Trustee under the Sub-Lease. The administrative claim of ER1, if any, must therefore be reduced by not less than $184,882.50.

## COUNT FOUR

**(Declaratory Relief--Setoff)**

43. Trustee restates and incorporates by reference the allegations of paragraphs 1 through 42 above.

44. Under Section 558 of the Bankruptcy Code, the Court must allow the Trustee to set off the amounts owing by ER1 to the estate under the Sub-Lease (not less than $184,882.50) against the amounts owing, if any, by the estate to ER1 under the Sub-Sub Lease on account of rent arising after the Petition Date.

## COUNT FIVE

**(Resulting Trust: Estate Should Be Declared**

**the 50% Owner of ER1)**

45. Trustee restates and incorporates by reference the allegations of paragraphs 1 through 44 above.

46. As described above, Quick-Turn is the record nominal holder of 50% of the membership interests of ER1.

47. Quick-Turn did not make a material capital contribution to ER1 at the time of the formation of ER1. Instead, funds of AIR (not those of Schrameck or Quick-Turn) were used as capital contributions to ER1 required of Quick-Turn. AIR contributed from AIR funds the sum of $250,000 as a capital contribution to ER1.

48. On information and belief, additional funds of AIR were used to make additional capital contributions to ER1.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\696607\3

Case 10-03002-rld    Doc 55    Filed 05/14/10

49. As a result of the foregoing, the Court should declare that, under the resulting trust doctrine, the 50% interest in ER1 nominally held by Quick-Turn or Schrameck is held and owned by the estate.

## COUNT SIX

**(Contribution and Indemnity Against Quick-Turn and TAM-AIR)**

50. Trustee restates and incorporates by reference the allegations of paragraphs 1 through 49 above.

51. As co-tenant under the Ground Lease and Sub-Sub Lease, Quick-Turn has an obligation to contribute its share of rent obligations under such leases.

52. As co-tenant under the Sub-Sub Lease, TAM-AIR has an obligation to contribute its share of rent obligations under such lease.

53. The estate has rights of contribution and indemnity against Quick-Turn under the Ground Lease for one-half of all amounts paid by AIR or the estate or payable by the estate under such lease.

54. The estate has rights of contribution and indemnity against Quick-Turn and TAM-AIR, and each of them, under the Sub-Lease for one-third of all amounts paid by AIR or the estate or payable by the estate under such lease.

WHEREFORE, the Trustee requests entry of a judgment as follows:

1. On Count One, for a judgment equitably subordinating all claims of ER1 (whether administrative, pre-petition or otherwise) to the claims of all unsecured creditors;

2. On Count Two, for money damages against ER1 and Nigro, Inc., in an amount to be proven at trial, but not less than $2,000,000;

3. On Counts Three and Four, for a declaration that the administrative claim of ER1, if any, must be reduced by the amounts owing by ER1 to the estate under the Sub-Lease;

4. On Count Five, for a declaration that the estate is a 50% owner of the membership interests in ER1;

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\696607\3

Case 10-03002-rld    Doc 55    Filed 05/14/10

5. On Count Six, for a money judgment against Quick-Turn and TAM-AIR for contribution and indemnity for their share of amounts paid by AIR or the estate under the Ground Lease and Sub-Sub Lease or payable by the estate under the Ground Lease and Sub-Sub Lease;

6. On Counts Two, Three, Four, and Six, for pre-judgment interest; and

7. On all Counts, for attorneys' fees and costs.

DATED this 14th day of May, 2010.

BALL JANIK LLP

By: /s/ David W. Criswell
**David W. Criswell, OSB No. 925930**
dcriswell@balljanik.com
**Justin D. Leonard, OSB No. 033736**
jleonard@balljanik.com
101 SW Main Street, Suite 1100
Portland, OR 97204
Telephone: (503) 228-2525
Facsimile: (503) 295-1058

Attorneys for Kenneth S. Eiler,
Chapter 11 Trustee

Page 9 – **FIRST AMENDED COMPLAINT**

::ODMA\PCDOCS\PORTLAND\696607\3

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Case 10-03002-rld    Doc 55    Filed 05/14/10

# CERTIFICATE OF SERVICE

I hereby certify that I served copies of the foregoing **FIRST AMENDED COMPLAINT** on the following parties **by CM/ECF**:

- NICHOLAS J BRANNICK    nbrannick@ssd.com
- CHRISTOPHER C DROTZMANN    cdrotzmann@davisrothwell.com, dgieser@davisrothwell.com
- SUSAN S FORD    susanf@sussmanshank.com, ecf.susan.ford@sussmanshank.com
- JAMES K HEIN    james.hein@tonkon.com, judy.alexander@tonkon.com
- CRAIG G RUSSILLO    crussillo@schwabe.com, dkinonen@schwabe.com;docket@schwabe.com;bankruptcynotices@schwabe.com
- ARNOLD M WILLIG    arnie@hackerwillig.com, debbie@hackerwillig.com;donna@hackerwillig.com;eshea@hackerwillig.com;alena@hackerwillig.com;kristen@hackerwillig.com

and on the following parties by **mailing** a full, true and correct copy in a sealed first-class postage prepaid envelope, addressed to the parties listed below, and deposited with the United States Postal Service at Portland, Oregon for tomorrow's mail on the date set forth below:

Blue Sky Avgroup, LLC
c/o Richard J Lucibella
5011 N Ocean Blvd #5
Ocean Ridge, FL 33435

Johan Charl Brink
112 Uistisig Estate
Nelspruit, Mpumalanga
1213 South Africa

Steve Findley
1000 Fesco Ave
Alice, TX 78332

Quick-Turn Technologies Nevada, LLC
c/o Fred E. Schrameck II, Reg Agent
5413 Fountain Palm St
Las Vegas, NV 89130

RC Ventures, LLC
234 Currey Ln
Sausalito, CA 94965

Eloy Renfrow
POB 1188
Santa Maria, CA 93456

Fred E. "Rick" Schrameck
2121 Redbird Dr
Las Vegas, NV 89134

TAM-AIR, Inc
c/o James K. Hein
Tonkon Torp LLP
888 SW 5th Ave #1600
Portland, OR 97204

DATED: May 14, 2010

　　　　　　　　　　　　　　　　　　/s/ Stuart Wylen
　　　　　　　　　　　　　　　　　Stuart Wylen, Legal Secretary

Page 1 – **CERTIFICATE OF SERVICE**

::ODMA\PCDOCS\PORTLAND\696607\3

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

Case 10-03002-rld    Doc 55    Filed 05/14/10