1  **Daniel H. Skerritt,** OSB No. 681519
       Direct Dial: (503) 802-2024
2      Facsimile:   (503) 972-3724
       E-Mail:      dan.skerritt@tonkon.com
3  **Timothy J. Conway,** OSB No. 851752
       Direct Dial: (503) 802-2027
4      Facsimile:   (503) 972-3727
       E-Mail:      tim.conway@tonkon.com
5  **James K. Hein,** OSB No. 054621
       Direct Dial: (503) 802-2129
6      Facsimile:   (503) 972-3829
       E-Mail:      james.hein@tonkon.com
7  **TONKON TORP LLP**
   1600 Pioneer Tower
8  888 S.W. Fifth Avenue
   Portland, OR 97204

        Attorneys for TAM-AIR, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**AIRCRAFT INVESTOR RESOURCES, LLC**, as consolidated with *In re Epic Air, LLC* (09-40041-rld7) and *In re Aircraft Completion Services, LLC* (10-30185-rld7)<br><br>Debtor. | Case No. 09-38458-rld11 |
| **KENNETH S. EILER**, Trustee,<br><br>        Plaintiff,<br><br>    v.<br><br>**ER1, LLC**, a Nevada limited liability company, **NIGRO, INC.**, a Nevada corporation, **QUICK-TURN TECHNOLOGIES NEVADA, LLC**, a Nevada limited liability company, and **TAM-AIR, INC.**, a Delaware corporation.<br><br>        Defendants, | Case No. 10-03002-rld<br><br>**TAM-AIR, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

**Page 1 of 5** - TAM-AIR, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

TAM-AIR, Inc. ("TAM-AIR") responds to the First Amended Complaint ("Complaint") filed by Plaintiff Kenneth S. Eiler, Chapter 11 Trustee (the "Trustee") for the estate of Aircraft Investor Resources, LLC, as consolidated with the estates of Epic Air, LLC, and Aircraft Completion Services, LLC (together, "AIR" or "Debtor"):

1. No response is required to the allegations contained in ¶ 1 of the complaint.

2. TAM-AIR admits the allegations in ¶ 2 of the complaint.

3. TAM-AIR admits the allegations in ¶ 3 of the complaint.

4. TAM-AIR admits that this is a core proceeding.

5. TAM-AIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 5 of the complaint and on that basis denies the same.

6. TAM-AIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 6 of the complaint and on that basis denies the same.

7. TAM-AIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 of the complaint and on that basis denies the same.

8. TAM-AIR admits the allegations in ¶ 8 of the complaint.

9. TAM-AIR admits the allegations in ¶ 9 of the complaint.

10. TAM-AIR admits the allegations in ¶ 10 of the complaint.

11. TAM-AIR admits the allegations in ¶ 11 of the complaint.

12. TAM-AIR admits the allegations in ¶ 12 of the complaint.

13. TAM-AIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 13 of the complaint and on that basis denies the same.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

14. TAM-AIR denies that it is party to any lease as alleged by the Trustee. TAM-AIR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 14 of the complaint and on that basis denies the same.

15. TAM-AIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 15 of the complaint and on that basis denies the same.

16. TAM-AIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16 of the complaint and on that basis denies the same.

17. TAM-AIR denies the allegations in ¶ 17 of the complaint.

18. TAM-AIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 18–30 of the complaint and on that basis denies the same.

19. The allegations in ¶¶ 31–49 relate to claims brought against parties other than TAM-AIR and, as such, no response is required. To the extent a response is required, TAM-AIR is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies the same.

20. In response to ¶ 50 of the complaint, TAM-AIR incorporates its responses contained in ¶¶ 1–19 above.

21. TAM-AIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 51 of the complaint and on that basis denies the same.

22. TAM-AIR denies the allegations in ¶¶ 52–54 of the complaint.

23. TAM-AIR specifically denies all allegations in the complaint not expressly admitted in this answer.

/ / /

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Invalidity of Lease

24. TAM-AIR is not party to any lease as alleged by the Trustee.

25. If Rick Schrameck signed any such lease on behalf of TAM-AIR, he did so without authority and without validity.

26. TAM-AIR never agreed to be bound by any lease with respect to the facility.

27. The other parties to the alleged "Sub-Sub Lease" were aware that Schrameck did not have authority sign on behalf of TAM-AIR because those other parties are or were all controlled and owned at least in part by Schrameck.

28. The leases were a sham conceived by Schrameck and should not be enforced.

### Second Affirmative Defense: Fraud

29. If Rick Schrameck signed the alleged "Sub-Sub-Lease" on behalf of TAM-AIR, it was a fraud among companies he controlled and owned at least in part.

30. The "Sub-Sub Lease" is unenforceable against TAM-AIR.

### Third Affirmative Defense: Inappropriate Remedy/Exclusion from Premises

31. The Trustee seeks a contribution from TAM-AIR of one-third of all amounts paid or payable by the estate on account of the "Sub-Sub Lease."

32. TAM-AIR never occupied anywhere close to one third of the premises. Debtor occupied the majority of the premises at all times.

33. It is inequitable under a contribution or indemnity theory to require TAM-AIR to pay one-third of the rent when TAM-AIR never enjoyed one-third of the benefit of the premises.

34. Indeed, TAM-AIR did not occupy the premises at all post-petition.

///

Page 4 of 5 - TAM-AIR, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
502-221-1440

Case 10-03002-rld    Doc 72    Filed 07/30/10

35. Quite the contrary, the Trustee strictly controlled the premises and only allowed anyone access to the premises on a few occasions.

36. During the rest of the time, TAM-AIR, like all other third-parties, was excluded from the premises by the Trustee.

37. It is inequitable under a contribution or indemnity theory to require TAM-AIR to pay one-third of the rent when the Trustee excluded TAM-AIR from the premises.

**ATTORNEY FEES**

38. The Trustee has not alleged a basis for recovering attorney's fees from TAM-AIR, and yet Trustee asks for that relief in its complaint. TAM-AIR denies that the Trustee is entitled to recover attorney fees and costs from TAM-AIR.

39. If TAM-AIR succeeds in its defense of the Trustee's claims based on the Sub-Sub Lease, then TAM-AIR is entitled to recover its attorney fees and costs from the estate pursuant to the Sub-Sub Lease.

WHEREFORE, TAM-AIR respectfully requests that this Court enter judgment against the Trustee on the Trustee's claims against TAM-AIR, that TAM-AIR be awarded its reasonable attorney fees and costs incurred herein, and that the Court order such other and further relief as it deems just or equitable.

DATED: July 30, 2010.

TONKON TORP LLP

By  */s/ James K. Hein*
James K. Hein, OSB No. 054621
Attorney for TAM-AIR, Inc.

Page 5 of 5 - TAM-AIR, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
502-221-1440

Case 10-03002-rld    Doc 72    Filed 07/30/10

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **TAM-AIR, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** on all parties receiving ECF notices through the Court's Case Management/Electronic Case File system on the date set forth below.

DATED: July 30, 2010.

TONKON TORP LLP


By    */s/ James K. Hein*
        James K. Hein, OSB No. 054621
        Attorneys for TAM-AIR, Inc.

035247/00001/2342718v1

Page 1 of 1 - CERTIFICATE OF SERVICE